**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| VAUGHN ANTONIO MOORE, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> GLOUCESTER COUNTY JAIL, : <br> et al., : <br> : <br> Defendants. : | Civil No. 12-6313 (JBS) <br><br> **OPINION** |

**APPEARANCES:**

    VAUGHN ANTONIO MOORE, Plaintiff pro se
    DB-6738
    Graterford Prison
    P.O. Box 244
    Graterford, Pennsylvania 19426

**SIMANDLE**, Chief Judge

    Plaintiff, Vaughn Antonio Moore, a state inmate presently confined at the Graterford Prison in Graterford, Pennsylvania, seeks to bring this action in forma pauperis. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice at this time.

## I.   BACKGROUND

Plaintiff, Vaughn Antonio Moore, filed this Complaint against the Gloucester County Jail, Correctional Officer ("CO") A. Wajid, and Sgt. Dorsey of the Gloucester County Jail. (Complaint, Caption, ¶¶ 4c, 6.)  The following factual allegations by Plaintiff are taken from the Complaint, and are accepted as true for purposes of this screening only.

Plaintiff alleges that, on or about August 31, 2012, at about 7:50 p.m., Plaintiff and two other inmates were praying on the top tier on 2B pod at Gloucester County Jail.  The inmates left a space on their right to allow others to walk past them. Plaintiff alleges that Defendant Z. Wajid "deliberately walked in between us when he was doing cell searches for any maintenance problems in the cell."  (Compl., ¶ 6.)  Plaintiff attaches his administrative grievance form filed with regard to this incident.

Next, on September 8, 2012, at around 9:15 p.m., Plaintiff alleges that he was praying in the same spot on the top tier, bowing, when he felt a foot under his foot.  As Plaintiff stood up from bowing down in prayer, he stepped on Sgt. Dorsey's foot, and Sgt. Dorsey grabbed Plaintiff by the shoulder.  (Id.)

2

Plaintiff attaches his administrative grievance form filed with regard to this incident.

Plaintiff alleges that these two defendants violated his First Amendment right to practice his religion when the Defendants interfered with his prayers.  Plaintiff further alleges that the Gloucester County jail does not provide Muslim inmates with a place to conduct prayers or attend Jumuah service, and only provides for church services.  (Compl., ¶ 6.)  He seeks $50 million in damages and asks that Gloucester County Jail be ordered to provide Muslims with everything that they need to practice their religion fully.[1]  (Id., ¶ 7.)

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

---

[1]  Because Plaintiff is no longer confined at Gloucester County Jail, his claim for prospective injunctive relief must be dismissed as moot.  A prisoner lacks standing to seek injunctive and declaratory relief if he is no longer subject to the alleged conditions.  See Abdul-Akbar v. Watson, 4 F.3d 195, 197 (3d Cir. 1993); Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981).

3

defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Fowler v. UPMC Shadyside, 578 F.3d 203 (3d

4

Cir. 2009)(citing Iqbal, 556 U.S. at 676). The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See id. at 678-79; see also Twombly, 505 U.S. at 555, & n. 3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). See also Argueta v. U.S. Immigration & Customs Enforcement, 643 F.3d 60, 73 (3d Cir. 2011); Bistrian v. Levi, 2012 WL 4335958, *8 (3d Cir. Sept. 24, 2012)(allegations that are no more than conclusions are not entitled to the assumption of truth; a court should "look for well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly give rise to an entitlement to relief.'")(quoting, Iqbal, 556 U.S. at 679).

### III.   SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the

5

Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).  See also Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

Because the named Defendant Gloucester County Jail is not an entity cognizable as a "person" for the purposes of a § 1983 suit, the Complaint will be dismissed with prejudice, in its entirety, as against Gloucester County Jail.  See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989); see also Marsden v. Federal BOP, 856 F. Supp. 832, 836 (S.D.N.Y. 1994).

## IV.  ANALYSIS

The Free Exercise Clause of the First Amendment prohibits prison officials from denying an inmate "a reasonable opportunity of pursuing his faith."  See Cruz v. Beto, 405 U.S. 319, 322 & n. 2 (1972).  The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), see 42 U.S.C. § 2000cc-1, may be violated when officials impose a "substantial burden on [his] religious exercise."  The facts asserted in a complaint must show that a prisoner's request for religious services is based on his own sincerely held religious belief.  See Sutton v. Rasheed, 323 F.3d 236, 250 (3d Cir. 2003)(If a prisoner's request is "not the

6

result of sincerely held religious beliefs, the First Amendment imposes no obligation on the prison to honor that request.") (quoting DeHart v. Horn, 227 P.3d 47, 52 (3d Cir. 2000)).

In this Complaint, Plaintiff does not allege facts sufficient to support a First Amendment violation. Namely, there are no allegations that Plaintiff has been prohibited from exercising his religious beliefs. He cites only two incidents where his prayers were interrupted in the legitimate course of correctional officers' duties in rounds and inspections. Plaintiff does not allege that Plaintiff and other praying inmates were told to stop their prayer service on these two occasions. Plaintiff also fails to allege any facts showing that the government imposed a substantial burden on his religious exercise, contrary to RLUIPA. Consequently, on these limited and general allegations of interference, Plaintiff's Complaint in this case fails to make out a First Amendment free exercise claim because Plaintiff does not allege facts showing that any of the named defendants denied him a reasonable opportunity to pursue his faith. In short, Plaintiff's allegations are insufficient to state a Free Exercise claim against any named defendant under the Iqbal pleading standard or a claim under RLUIPA. Accordingly, this Court will dismiss without prejudice the Complaint, in its entirety, as against all named defendants, for failure to state a claim for relief under the Free Exercise Clause of the First Amendment and the RLUIPA, pursuant to 28 U.S.C. §§

1915(e)(2)(B)(ii) and 1915A(b)(1).  However, if Plaintiff believes that he can assert sufficient plausible facts to show violations under the Free Exercise Clause of the First Amendment and the RLUIPA, then he may move for leave to re-open this matter and file an amended complaint accordingly.[2]

## V.  CONCLUSION

For the reasons set forth above, the Complaint will be dismissed with prejudice, in its entirety, against Defendant, Gloucester County Jail, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Further, the Complaint shall be dismissed without prejudice, in its entirety, against the remaining defendants, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim at this time.  An appropriate order follows.

 s/ Jerome B. Simandle
JEROME B. SIMANDLE, Chief Judge
United States District Court

Dated:  **February 5, 2013**

---

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990)(footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself. Id.

8